UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

MICHAEL A. WARD

Case No. 2:15-cr-1-JMS-CMM

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cr-00001-JMS-CMM |
| | ) | |
| MICHAEL A. WARD, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**Order**

Defendant Michael Ward has filed a motion for compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 46. Mr. Ward seeks immediate release from incarceration. For the reasons explained below, his motion is **denied**.

**I. Background**

In April 2014, Mr. Ward was sentenced to 120 months' imprisonment by the United States District Court for the Northern District of Illinois after pleading guilty to three counts of wire fraud in violation of 18 U.S.C. § 1343. *See United States v. Ward*, 1:12-cr-353-1, dkt. 70 (N.D. Ill.); *see also* dkt. 55-1 at 2. In December 2014, while incarcerated at the Federal Prison Camp-Terre Haute ("FPC-TH"), Mr. Ward escaped and drove a truck owned by the Federal Bureau of Prisons ("BOP") to Illinois. Dkt. 25.

In January 2015, a grand jury returned a two-count indictment against Mr. Ward based on his escape from FPC-TH. Dkt. 1. He was charged with one count of escape from federal custody in violation of 18 U.S.C. § 751(a) and one count of theft of United States property in violation of 18 U.S.C. § 641 in this Court. *Id.* Mr. Ward pleaded guilty to both counts in July 2015, and this

Court sentenced him to an aggregate term of 21 months' imprisonment to be served consecutive to his sentence in Case No. 1:12-cr-353-1. Dkts. 19, 26, 27.

Mr. Ward is 67 years old. When he filed his motion, he was incarcerated at Federal Correctional Institution-Elkton ("FCI-Elkton") in Lisbon, Ohio. *See* dkt. 46 at 1. However, he has since been transferred to Federal Correctional Institution-Fort Dix ("FCI-Fort Dix") in New Jersey. Dkt. 57.  Based on his convictions, Mr. Ward is serving an aggregate sentence of 141 months' imprisonment, to be followed by a three-year term of supervised release. Dkt. 55-1 at 3. The parties agree that Mr. Ward has not yet begun to serve the 21-month sentence imposed by this Court. *See* dkt. 50 at 19; dkt. 55 at 11; dkt. 56 at 6. His anticipated release date (including good conduct time) is October 22, 2022. Dkt. 55-1 at 4.

Mr. Ward filed a pro se motion for compassionate release on April 27, 2020.[1] Dkt. 46. The Court appointed counsel to represent him, dkt. 48, and appointed counsel filed a brief in support of the motion for compassionate release on July 13, 2020, dkt. 50. The United States has responded, dkt. 55, and Mr. Ward has replied, dkts. 56, 57. Thus, the motion for compassionate release is ripe.

## II. Legal Standard

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a

---

[1] Although Mr. Ward has recently filed post-judgment motions in his criminal case in the United States District Court for the Northern District of Illinois, he does not seek compassionate release in any of those motion. *See United States v. Ward*, 1:12-cr-353-1, dkts. 169, 170 (N.D. Ill).

defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018).  The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c).  U.S.S.G. § 1B1.13.

---

[2] The United States does not contest that Mr. Ward has exhausted administrative remedies as required by § 3582(c)(1)(A). Dkt. 55 at 2 n.3.

Section 1B1.13 sets forth the following considerations.  First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement."  U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).  Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable."  U.S.S.G. § 1B1.13.

As to the first consideration, subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . ."). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners.

*United States v. Gunn*, 980 F. 3d 1178, 1180-81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

### III. Discussion

When Mr. Ward filed his motion, he was incarcerated at FCI-Elkton, and FCI-Elkton was experiencing a large outbreak of COVID-19. He argued that he was "at significant risk of contracting and developing serious complications from an exposure to COVID-19 because of his advanced age of 67." Dkt. 50 at 2. Although Mr. Ward has since been transferred from FCI-Elkton to FCI-Fort Dix, he faces similar risks at FCI-Fort Dix. FCI-Fort-Dix currently has 789 confirmed active cases of COVID-19 among inmates and 23 confirmed active cases of COVID-19 among

staff members.[3] *See* Federal Bureau of Prisons, *BOP: COVID-19 Update*, *available at* www.bop.gov/coronavirus/ (last visited Jan. 9, 2021).

## A. Relief Requested

Before reaching the merits of Mr. Ward's request for a sentence reduction, this Court must address the impact of Mr. Ward's earlier criminal case in the United States District Court for the Northern District of Illinois on his ability to receive immediate release. Through his motion, Mr. Ward requests both reduction of the sentence imposed in this case to time served and immediate release from incarceration. Dkt. 50 at 1. The primary impetus for his motion, however, appears to be his desire to be released from incarceration so that he can serve out the rest of his sentence on home confinement, where he believes he will be able to better protect himself from the dangers of the COVID-19 pandemic. *See* dkt. 56 at 8.

Both Mr. Ward and the United States recognize that Mr. Ward has not served any portion of the sentence imposed in this case. *See* dkt. 50 at 19; dkt. 55 at 11; dkt. 56 at 6. Thus, he still must be serving the 120-month sentence imposed in his earlier criminal case. Even if this Court reduced Mr. Ward's sentence to time served, he would not be eligible for release until he completed the term of incarceration imposed by the United States District Court for the Northern District of Illinois or also successfully requested a sentence reduction in that case. That is, the Court cannot grant him the primary relief he seeks—immediate release from incarceration. This reason alone would warrant denying his motion. Regardless, the Court addresses the merits of the motion.

---

[3] According to the BOP website, FCI-Fort Dix currently has the highest number of confirmed active cases of COVID-19 among inmates. Federal Bureau of Prisons, *BOP: COVID-19 Update*, *available at* www.bop.gov/coronavirus/ (last visited Jan. 9, 2021).

**B. Extraordinary and Compelling Reason Warranting Reduction**

As set forth above, one of the considerations for whether a defendant is entitled to release under § 3582(c)(1)(A) is whether he has presented an extraordinary and compelling reason warranting a sentence reduction. *See* U.S.S.G. § 1B1.13, Application Note 1(D). Mr.Ward contends that the extraordinary and compelling reason warranting a sentence reduction for him is his age. *See* dkt. 50 at 8-17.

Mr. Ward is 67 years old. Eight out of ten COVID-19 related deaths have been in adults 65 years of age and older. *See* Centers for Disease Control, *Older Adults and COVID-19*, *available at* www.cdc.gov/coronavirus/2019-ncov/need-extra/precautions/older-adults.html  (last  visited Jan. 9, 2021). However, "[t]he greatest risk for severe illness from COVID-19 is among those aged 85 or older." *Id.* Although Mr. Ward's age is a legitimate risk factor, he acknowledges that he "has been, and continues to be, in good physical condition." Dkt. 50 at 14; *see also* dkt. 55-2 (medical records showing no significant health issues). While there is no doubt that COVD-19 presents a health risk to all who encounter it and FCI-Fort Dix is currently battling a significant number of confirmed cases of COVID-19, in the absence of other risk factors, the Court does not find that Mr. Ward's age exposes him to a danger that is extraordinary among inmates or that supports immediate modification of his sentence. *See United States v. Buck*, No. 1:17-cr-00172-JRS-TAB-01, dkt. 94 (S.D. Ind. July 7, 2020) (age alone not extraordinary and compelling reason warranting sentence reduction for 66-year-old defendant); *United States v. Scott*, No. 3:04-cr-00014-RLY-CMM-03, dkt. 56 (S.D. Ind. July 31, 2020) (age alone not extraordinary and compelling reason warranting sentence reduction for 65-year-old defendant incarcerated in COVID-19 "hotspot" where defendant was otherwise in good health).

**C. Danger to Community and 18 U.S.C. § 3553(a) Factors**

Given the Court's determination that Mr. Ward has not shown extraordinary and compelling reasons to justify his release, whether Mr. Ward is a danger to the community and whether the § 3553(a) factors weigh in favor of his release need not be discussed at length. Nonetheless, the Court also concludes that these considerations weigh against Mr. Ward's release.

Shortly after Mr. Ward began the term of incarceration resulting from his conviction in the Northern District of Illinois, he took advantage of his employment at FCP-TH by stealing a BOP truck and driving it to Illinois. *See* dkt. 25. When law enforcement officers approached him after his escape, he lied and said he was on parole. *Id.* The nature and circumstances of Mr. Ward's offenses are serious and evidence a disrespect for the law. Additionally, should this Court reduce Mr. Ward's sentence to time served, he will have served none of the 21-month sentence the Court imposed. Allowing Mr. Ward to serve no term of incarceration after escaping from federal custody and stealing federal property would not reflect the seriousness of the offense, provide just punishment for the offenses, or afford adequate deterrence to future criminal conduct.

Finally, the Court believes Mr. Ward continues to pose a danger to the safety of another person or the community. *See* U.S.S.G. § 1B1.13. Although Mr. Ward has completed several educational and vocational courses while incarcerated, he committed two federal offenses—those underlying this criminal case—while serving a term of imprisonment imposed by the Northern District of Illinois.

## IV. Conclusion

For the reasons stated above, Mr. Ward's motion for compassionate release, dkt. [46], is

**denied**.

**IT IS SO ORDERED.**


Date: 1/11/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana


Distribution:

All Electronically Registered Counsel